## THE STATE v. RICHARD BURNETT, Appellant.

Division Two, December 9, 1913.

1. **PERJURY: Testimony Before Grand Jury.** Testimony material to the investigation of a matter. of inquiry pending before a grand jury which they are by statute authorized to investigate, if knowingly false, constitutes willful and corrupt perjury.

2. ————: ————: **Panderer for Bawdyhouse.** Defendant was called by a grand jury to testify as to his knowledge of the guilt or innocence of one Watts, who was suspected of keeping a bawdyhouse. Before the grand jury he testified that he had acted as a porter for a hotel kept by Watts, but denied that he had done anything towards bringing men and women together in said hotel for the purpose of enabling or encouraging them to engage in sexual intercourse. At his trial for perjury, two witnesses testified that he did act as a panderer

in bringing together lewd men and women for immoral pur-
poses in a hotel kept, by said' Watts, and that when brought
thus together said men and women indulged in illicit sexual
intercourse with each other in said hotel. There was also
evidence that, in his capacity as porter, he represented to
prospective patrons of the hotel that, if they would come to
the hotel, he would arrange to bring "girls" to their rooms
for immoral purposes. When sworn as a witness before the
grand jury defendant testified positively that he had never
taken any woman to the rooms of guests of the hotel for
immoral purposes. _Held, the evidence was sufficient to sup-
port a verdict finding defendant guilty of having committed
perjury in his testimony before the grand jury.

Appeal from Greene Criminal Court.—*Hon. C. H. Skinker,* Special Judge. ·

AFFIRMED.

*George Pepperdine* and *Val Mason* for appellant.

*John T. Barker,* Attorney-General, and *Ernest A. Green,* Assistant Attorney-General, for the State.

(1)   The form of this information has been ex-
pressly approved. State. v. Faulkner, 175 Mo. 546;
State v. Walker, 194 Mo. 367; State v. Cave, 81 Mo.
450; State v. Ruckeby, 87 Mo. 414; State v. Powers, 136
Mo. 194.   An information is not bad for duplicity be-
cause several distinct assignments of perjury are con-
tained therein.   The proof of any one of them which
formed an apparent link in the connection of the Den-
ton Hotel with a bawdyhouse would be sufficient. .State
v. Day, 100 Mo. 249; State v. Wakefield, 73 Mo. 549;
Commonwealth v. Smith, 11 Allen, 250.   (2)   The de-
fendant complains in his motion for a new trial of the
admission of only two items of testimony on the part
of the State.   This being true, all other exceptions
taken to the trial court's rulings in the admission of
evidence are waived and are not before this court for
review.   State v. Yandell, 201 Mo. 662; State v. Brown,
209 Mo. 419; State v. Crites, 215 Mo. 91; Dreyfus v.
Railroad, 124 Mo. App. 591.   Going now to the rulings

specifically complained of, there was no error on the part of the trial court in admitting the testimony of T. H. Gideon. This testimony was corroborative of that of the other State witnesses, and went to show that the defendant was in the habit of taking women to rooms occupied by men for unlawful and immoral purposes. This testimony tended to show that the testimony given by defendant before the grand jury was untrue. It was entirely competent to admit this testimony for the purpose of showing that Burnett's testimony before the grand jury was false and untrue. State v. Hunter, 181 Mo. 335; State v. Blize, 111 Mo. 464; State v. Faulkner, 175 Mo. 579; State v. Lehman, 175 Mo. 627. Any testimony that tended to show that the evidence of defendant given when a witness before the grand jury, was untrue was entirely competent. (3) The testimony was amply sufficient to prove every essential element of the charge filed against defendant. The evidence offered by the State showed: First, that the perjury occurred before a public body, to-wit, the grand jury; secondly, that the witness, Richard Burnett, made oath before a person competent to administer oaths before giving false testimony; thirdly, that the witness was duly sworn; fourthly, that he gave testimony material to the issues in a matter then pending before the grand jury; fifthly, which testimony was false; and sixthly, that defendant knew the testimony to be false. Sec. 4344, R. S. 1909; State v. Lavalley, 9 Mo. 834; State v. Ackerman, 214 Mo. 325; State v. Moran, 216 Mo. 550; State v. Terry, 30 Mo. 368; State v. Faulkner, 175 Mo. 546; State v. Wakefield, 73 Mo. 549; State v. Day, 100 Mo. 242; State v. Lehman, 175 Mo. 619; State v. Hunter, 181 Mo. 335.

BROWN, P. J.—Convicted in the criminal court of Greene county of the crime of perjury, defendant appeals from a judgment fixing his punishment at two years in the penitentiary.

He was charged with having sworn falsely before the grand jury of Greene county when called by said grand jury on December 4, 1911, to testify as to his knowledge of the guilt or innocence of one M. K. Watts, who was suspected of keeping a bawdyhouse in said county.

**Perjury.**

Before the grand jury defendant admitted that he had in the months of October and November, 1911, acted as a porter for a hotel kept by said Watts, but denied that he had done anything towards bringing men and women together in said hotel for the purpose of enabling or encouraging them to engage in sexual intercourse.

· Two witnesses testified positively that defendant did act as a panderer in bringing together lewd men and women for immoral purposes in a hotel kept by said Watts, and that when so brought together by defendant said men and women indulged in illicit sexual intercourse with each other in said hotel. It was also proven that defendant, in his capacity as porter, represented to prospective patrons of the hotel, that if they would come there he would arrange to bring "girls" to their rooms for immoral purposes.

This evidence tended to prove that Watts was running a bawdyhouse, and that defendant, as his porter, had knowledge of that fact. When sworn as a witness before the grand jury defendant testified positively that he had never taken any women to the rooms of guests of the hotel for immoral purposes; consequently, if the witnesses on behalf of the State testified truthfully upon the trial, then he (defendant) undoubtedly swore falsely when giving his evidence before the grand jury.

Defendant's testimony before the grand jury was material to the investigation of the matter of inquiry then pending before that body, and if knowingly false it constituted willful and corrupt perjury, as de-

nounced by section 4344, Revised Statutes 1909. [State v. Faulkner, 175 Mo. 546.]

The defendant has not furnished us with a brief pointing out the alleged errors upon which he relies for reversal, but we have examined the whole record for errors assigned in his motion for new trial and motion in arrest of judgment, but find no errors that warrant a reversal. Upon his trial defendant strenuously contended that his testimony as given before the grand jury was true, but a petit jury of his county disbelieved him and believed the witnesses who testified for the State. He was represented by able counsel and had a fair trial. The judgment should be affirmed. It is so ordered.

*Faris* and *Walker, JJ.*, concur.